[No. 1275. Decided May 24, 1894.]

## THE STATE OF WASHINGTON, *Respondent*, v. O. C. MEYERS AND JOHN TRACY, *Appellants*.

ARSON — INFORMATION — SITUS AND OWNERSHIP OF HOUSE BURNED
— EVIDENCE.

An information sufficiently alleges the place of the commission of
the crime of arson when it charges that the defendants, on a day
named, "in the county of Spokane, State of Washington, did then
and there unlawfully, willfully and maliciously set fire to and burn
a certain store house building, the property of another," etc.

Where the information alleges ownership of the building burned
in one Kingman, the ownership is sufficiently proven when the only
evidence on the subject is in response to the question, "Do you
know who the owner of the building and premises was or is?"   To
which the witness answered, "Yes, sir, Mr. C. E. Kingman."

   *Appeal from Superior Court, Spokane County.*

*Clagett & Stoll*, for appellants:

   It is full as important that the information notify de-
fendant of the *locus* and *situs* of the thing which he is

charged with having burned, as it is of the place and time of so doing. *State v. Gaffrey*, 3 Pin. 369; *Commonwealth v. Barney*, 10 Cush. 482; *State v. Price*, 11 N. J. Law, 241; *People v. Haynes*, 55 Barb. 450 (38 How. Pr. 369); *Gibson v. State*, 54 Md. 447; *State v. Wacker*, 16 Mo. App. 417; *Baker v. State*, 8 S. W. 23; *United States v. McBride*, 7 Mackey, 371; *People v. Slater*, 5 Hill, 401.

*James E. Fenton*, Prosecuting Attorney, for The State:

The information is sufficient if it alleges the *situs* of the person performing the criminal act, and need not allege the location of the subject matter acted upon. *Commonwealth v. Lamb*, 1 Gray, 493; *McClaine v. Territory*, 1 Wash. 345; *Archer v. State*, 106 Ind. 426; *People v. Myers*, 20 Cal. 76; *Achterberg v. State*, 8 Tex. App. 463; *Baker v. State*, 25 Tex. App. 1; *People v. Wooley*, 44 Cal. 494.

The opinion of the court was delivered by

DUNBAR, C. J. — The defendants were indicted for the crime of arson, March 9, 1893, and upon trial were found guilty as charged, and were thereupon sentenced to three years in the penitentiary. There are five principal points which are made the basis of this appeal: *First*, That the information is insufficient; *second*, that the evidence on the part of the state is not sufficient to justify the verdict; *third*, that there was no evidence as to the ownership of the property alleged to have been burned; *fourth*, that the court erred in allowing certain questions asked the witness Mertz; *fifth*, that the court erred in compelling the defendants to go to trial in the absence of their attorney.

The material part of the information is as follows:

"Comes now James E. Fenton, prosecuting attorney, etc., and by this information, as provided by law, charges John Tracy and O. C. Meyers with the crime of arson, com-

mitted as follows: That the said John Tracy and O. C. Meyers, on the 5th day of February, 1893, in the county of Spokane, State of Washington, did then and there unlawfully, willfully and maliciously set fire to and burn a certain store house building, the property of another, to wit, C. E. Kingman, and of the value of five hundred dollars and occupied at the time by C. E. Kingman.''

Even if this information, under the technical requirements of the common law, were insufficient, we think it is plainly sufficient under the liberal provision of our code (§ 1234, Code Proc., *et seq.*) which provides that the information or indictment should be a statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such a manner as to enable a person with common understanding to know what is intended.   When the information or indictment is direct and certain as regards the party charged, the crime charged and the particular circumstances of the crime charged, when they are necessary to constitute a complete crime, the requirements of the law are met, and we think that when this indictment states that these parties ''in the county of Spokane, State of Washington, did then and there unlawfully, willfully and maliciously set fire to and burn a certain store house building,'' etc., they are plainly notified of the fact that the said store house building was in the county of Spokane and the State of Washington, and that the argument of the appellants that the defendants might, for all that appears in this information, have been in Spokane county and there touched an electric button or other scientific appliance and thereby set fire to and burned a building in another county or state, is too far fetched and imaginary to have any controlling influence in a court of justice.   Our statute has judiciously done away with many of the refinements of common law pleadings and substituted a common sense practice and interpretation of language which is more in keeping with the age and vastly more potent in effecting

a proper administration of the laws.  We are satisfied that the information is sufficient to maintain the judgment.

So far as the second proposition is concerned, viz., that the evidence on the part of the state is insufficient, an examination of the record satisfies us that there was ample testimony legally presented to the jury to sustain the verdict.

The third proposition, that there was no evidence as to the ownership of the property alleged to have been burned, is equally without merit.  The information alleges the ownership of the property in C. E. Kingman, and the positive and direct testimony of witness Roche was that C. E. Kingman was the owner of the property.  In response to the question, "Do you know who the owner of the building or premises was or is?"  The witness answered, "Yes, sir, Mr. C. E. Kingman."  (See page 38 of record.) It is true that there is no proof that the building was occupied at the time by C. E. Kingman, as alleged in the indictment, but this allegation in the indictment was mere surplusage, under the doctrine laid down by this court in *McClaine v. Territory*, 1 Wash. 346 (25 Pac. 453).

We think there was no error committed by the court in allowing the question asked witness Mertz in relation to the disposition of the twenty-five dollars alleged to have been paid by Meyers to Brigman.

The last proposition, viz., that the court erred in compelling defendants to go to trial in the absence of their attorney, is not pressed by the appellants in their brief, and we are satisfied by an investigation of the record is without merit.

The judgment should in all things be affirmed.

SCOTT, ANDERS, HOYT and STILES, JJ., concur.