## BEN WYLEY v. THE STATE.

### *No. 736.    Decided May 27.*

1. **Continuance—Practice on Appeal.**—Where, in the light of the record on appeal, it appears that the testimony set out in an application for continuance is neither material nor probably true, it will be *Held*, that the application was properly overruled.

2. **Same.**—See evidence stated in an application for continuance, *Held*, not material under the facts in the case.

3. **Arson—Allegation of Ownership of the House—Parol Evidence.**—Where, on a trial for arson, the evidence showed that the possession of the house had been given by a father to his son; that the son had exercised ownership over it for two years; had used part of it for his renter during this time, with the knowledge and consent of his father, and at the time of the burning was himself using part of the house as a storage room, and that it was this storage room which was set on fire; *Held*, that whether he had legal title to the house or not, his possession, for the purposes of the case, was sufficient to constitute him the owner; that the indictment properly alleged ownership in him, and that parol evidence was admissible as to his ownership.

APPEAL from the District Court of Houston. Tried below before Hon. J. R. BURNETT.

This appeal is from a conviction for arson, the punishment assessed being a term of five years' imprisonment in the penitentiary.

No statement additional to that in the opinion is called for.

*H. W. Moore*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for arson. Appellant sought a continuance for the testimony of two absent witnesses. By one of these he expected to prove, that certain named parties had threatened "to raise a fuss with him" at the house alleged to have been burned, and by the other, that he (appellant) requested the witness "to protect him from being abused by said parties." These

parties all testified on the trial, and were not questioned in regard to the matter. Appellant forfeited his bond, was rearrested, and a postponement had to a later day of the term. In the light of the record, the absent testimony was neither material nor probably true. On the evening preceding the burning, the parties mentioned in the application and this appellant were all together at the house alleged to have been burned, and they left the premises about sundown, going their ways to their respective homes, leaving the appellant at said house. This was appellant's temporary abode. About dark appellant was also made to leave the premises by Adeline Hickman, who, as renter, occupied two rooms of the house. On leaving he carried with him his worldly possessions, as well as some of the effects of Amanda Hickman, with whom he had for some time been living on rather intimate relations. Amanda lived with her sister, Adeline. He left with no expectation of returning to the premises with permission of the occupants. Nor had he, under the evidence adduced on the trial, any expectation that the parties complained of would return to the place. Shortly after he left the house was discovered to be on fire. Tom Grant, one of the parties of whom he spoke, went to his own home, at Ratcliffe, some miles away, and in about one-half hour afterwards appellant followed him to his home, called him from his house, and informed him that he (appellant) "had done up the Hickmans." The house had then been set on fire, and appellant was tracked from the burned house to said Tom Grant's. How the absent testimony could have been material under the facts of this case we are unable to perceive.

Ownership was alleged in A. J. Payne. The land upon which the house was situated was given the alleged owner by his father, but no deed had passed. The owner had been placed in possession of the property by the father, and had been in such possession for two years, exercising exclusive control and management of the property. Adeline Hickman rented some of the land of A. J. Payne, cultivated crops upon it, and, as such renter, occupied two rooms of the house. The remainder of the house, and especially the room in which the fire originated, was used and occupied by Payne as a storage room for his cotton that was then being gathered, and in which he had at the time stored about five bales of seed cotton. Appellant objected to parol evidence that the house was the property of the alleged owner. Whether or not the verbal gift and delivery of possession by the father to the son vested title in the son to the property in question is here unnecessary to be discussed. It is undisputed that the son had been invested with possession by the father; had exercised acts of ownership over it for two years; had used part of the house for his renter during this time, with the knowledge and consent of the father; was then himself using the remainder of the house, a portion of it as a storage room for his cotton, and it was this room which was set on fire. Whether the legal title was in him or not, the possession of that portion of the house was then in him, and this was sufficient to constitute

him the owner, in a charge of arson. It was not necessary to prove absolute title to the property in the son to constitute him the owner in this case. The court did not err in admitting the parol evidence of ownership under the objections stated.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.