### Jonce Goldsmith v. The State.

#### No. 2810.   Decided June 15,.1904.

**1.—Continuance—Arson—Alibi.**

Where in a prosecution for arson, the defense being an alibi, and the defendant expected to prove by the absent witness that about 12:30 o'clock the night of the fire the witness was at appellant's house and saw him there, the evidence showing that the fire occurred about 11:30 that night, about three miles from where appellant lived, the application for continuance should have been granted, diligence having been shown and considering the State's case not strong.

**2.—Evidence—Deed Best Evidence of Ownership.**

In a prosecution for arson, where the property affected is private property unoccupied, it is necessary to prove ownership by the introduction in evidence of the deed to the owner. Distinguishing: Tuller v. State, 8 Texas Crim. App., 501.

Appeal from the District Court of Jack.   Tried below before Hon. J. W. Patterson.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Nicholson & Fitzgerald,* for appellant.—The defendant having filed and presented his written application to the court for a continuance of this cause, and defendant having in all things complied with the law in order to obtain the attendance of said witnesses, the court erred in overruling said application for a continuance of this cause.   Proctor v. State, 65 S. W. Rep., 368; Smith v. State, 68 S. W. Rep., 267; Phillips v. State, 34 S. W. Rep., 272; Ball v. State, 72 S. W. Rep., 384; Martin v. State, 72 S. W. Rep., 386; Dawson v. State, 40 S. W. Rep., 731; McKinney v. State, 55 S. W. Rep., 337; Fossett v. State, 55 S. W. Rep., 497; Francis v. State, 55 S. W. Rep., 488.

The evidence showing that the prosecuting witness, Chas. Burke, was not in possession of the alleged burned premises, either in person or by tenant, evidence of ownership in him, could not be shown by parol.   Hester v. State, 51 S. W. Rep., 932; Tuller v. State, 8 Texas Crim. App., 501.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of refusing continuance: Massey v. State, 30 Texas Crim. App., 64.   On question of proving ownership: Wiley v. State, 34 Texas Crim. Rep., 514; Rogers v. State, 26 Texas Crim. App., 404.

. DAVIDSON, Presiding Judge.—Appellant was convicted of arson.

The house burned was alleged to belong to Charles Burk. It was burned sometime about 11:30 o'clock at night. No one was occupying the house or the premises where the house was burned. It was some three miles or such a matter from where appellant and his mother lived. Continuance was sought on account of the absence of a witness named Jarrett, by whom he expected to prove that he was at the house of appellant about 12:30 o'clock the night the house was burned, and that appellant was then at home. This application was overruled, as was the motion for new trial based upon the same question. Attached to the motion for new trial is the affidavit of witness Jarrett, from which it appears he had been properly summoned to appear as a witness; that he was a nonresident of the county, was a drummer, and, as he says, was away for the reason "that he was out on the road selling goods, that being his vocation, and at the time of said trial was a long distance from Jacksboro." Jacksboro is where the case was tried. In regard to the facts Jarrett swears in the affidavit that if he had been present, "he would have testified and that the same is true, that at 12 o'clock on the night of the 24th of July, A. D. 1904, the night of the burning of the property mentioned in the indictment, he (affiant) was at the house of Mrs. N. B. Goldsmith, the mother of defendant Jonce Goldsmith, and that he called defendant from the gate and awakened defendant, and defendant came to the door in his night clothes, and talked with affiant, and afterwards came out to the gate and there also talked to affiant; that their conversation was relative to defendant going the next day to Montague town as a witness under process to attend district court at said place; that affiant was also going to attend said court." It is in evidence that appellant did go the next morning to Montague as a witness, with one of his neighbors, who testified in the case, as a witness in a case pending in that county. This is unquestioned. Appellant's theory was an alibi. He proved by the witness Nunn that he was at Nunn's residence at about 11 o'clock; that he had gone to a pasture nearby and placed his horses in it for the purpose of grazing; that in returning he stopped at Nunn's and talked with him awhile; and that Nunn was sitting up with his sick children. Nunn so testified. That he left Nunn's house about 11 to 11:30 o'clock. Appellant shows that he went from Nunn's directly home and went to bed. He is borne out in this statement by the evidence of his mother. His mother testified also to the fact that some one came to the house that night about 12 o'clock and called her son to the gate and had a conversation with him. It is also shown that some of the witnesses returning from a revival meeting stopped at Nunn's and inquired for appellant and sent or requested a boy to go to appellant's residence and notify him that he (this neighbor) was going to Montague the next day, and to further inform appellant if ready he could accompany him in his wagon to Montague. The refusal of this continuance was error. We deem it unnecessary to cite authorities. The State's case is not supported by anything like cogent testimony. In fact, the main criminat-

ing evidence in the case is found in tracks which the owner of the burned house says he found on the ground the first and second days after the burning in investigating evidence trying to ascertain who the criminal was. These tracks were made by some one wearing a number 6 or 7 shoe, and that he traced it in the direction of the residence of appellant and his mother. There are some discrepancies in the testimony for the State in regard to these tracks and their size, and the appearance of the tracks made by the shoes. In fact, the evidence along this line as to the tracks and their appearance is not very satisfactory. There is one other criminating fact in the record; and it is this: that appellant is shown by one or more of the witnesses to have sought to induce them to testify to facts which tended to exonerate him, or rather to support his alibi theory and connect another party with the burning. The witnesses and the strength of their testimony, in our judgment, made it imperative that the continuance should have been granted.

There is another question in the case to which we call attention. The court permitted, over the objections of appellant, the State to prove ownership by oral evidence. Perhaps this bill is subject to the criticism of the State, that it is not shown as a matter of fact the deed was not introduced and that oral testimony was relied upon exclusively to prove ownership. It is simply stated as a ground of objection, when it should be stated as a matter of fact. Be this as it may, so far as the attitude in which this opinion places the case we call attention to it so that should another trial occur this error may not incumber the record. Usually and generally it is sufficient to prove possession of property in cases of arson by oral testimony. Many cases have been written and some of them are referred to in State's brief, showing that arson is directed more against the possession and occupancy than towards the ownership of the destroyed property. As a general rule that proposition is correct. All our cases examined, except one, show the house and premises were occupied at the time of the burning, and it was not a material question as to the real ownership. Rogers' case, 26 Texas Crim. App., 404, and Wiley's case, 34 Texas Crim. Rep., 514, are relied upon by the State. If the house had been occupied and ownership or occupancy had been alleged in the occupant, these two cases may be in point. Appellant relies upon Hester v. State, 51 S. W. Rep., 932, and Tuller v. State, 8 Texas Crim. App., 501. The Hester case is the one alluded to above, in which the house was unoccupied. It was a schoolhouse belonging to the county. Ownership was alleged in the county judge, who was permitted to testify the house was a public free school building; the deed was not offered in evidence, and objection was urged because the ownership was not proven by deed. Passing upon that question, this court said it was immaterial, because the law itself made the county judge the owner of the property; that the title in him was a matter of law, and was sufficiently

proved without the deed. We are of opinion, under the peculiar facts of this case, the property being private property and unoccupied, that the deed should have been introduced. So upon another trial if this question should arise, the introduction of the deed will avoid any complications along that line.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*