EARLY BERRIAN v. THE STATE.

No. 5355.   Decided May 28, 1919.

### 1.—Murder—Witness—Practice in District Court—Leading Questions.

Where, upon trial of murder, a witness was summoned both by the State and the defendant but was not placed on the stand by the State, and the defendant thereupon moved the court to place him on the witness stand as he was an only eyewitness to the homicide, but the court refused such motion, tendering the witness to both the State and the defendant, whereupon, the State examined the witness in chief and the court refused to allow the defendant to ask leading questions on his cross-examination of the witness, the same was reversible error.

### 2.—Same—Rule Stated—Practice in District Court—Introducing Witnesses—Cross-Examination.

It might be better practice for the trial courts to introduce the witnesses, and neither side be held to vouch for them nor permitted to attack them in any way, but such is not the practice in this State or any other State within the court's knowledge. The prosecuting attorney decides the order of the State's testimony and what witnesses to introduce, and it is not for the court to deprive one side or the other of the valuable right of cross-examination.

### 3.—Same—Practice in District Court—Eyewitnesses—Rule Stated.

The State is not bound to introduce all or any of the eyewitnesses to a transaction, nor is direct evidence better than circumstantial evidence per se. The State must make out its case by competent evidence beyond a reasonable doubt, and there the trial rule stops. But when a witness is tendered to both parties and examined in chief by the State, the liberty of cross-examination by the defendant is not thereby curtailed.

### 4.—Same—Evidence—Automatic Pistol—Noise—Smokeless Powder.

Where, upon trial of murder, it became a question as to who fired the first shot, and a question arose as to whether an automatic pistol firing cartridges with smokeless powder would make much noise, and it was shown

that the deceased had such pistol, the witness should have. been allowed to testify as to the noise made by the firing of such pistol.

Appeal from the District Court of Hill.—Tried below before the Hon. Hotton B. Porter.

Appeal from a conviction of murder; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*Jno. E. Clarke*, for appellant.—On question of cross-examination; Rhine v. Blake, 59 Texas, 240; Morris v. State, 30 Texas Crim. App., 195; Schumate v. State, 38 Texas Crim. Rep., 266; Hunnicutt v. State, 20 Texas Crim. App., 632; Thompson v. State, 30 id., 335.

*E. A. Berry*, Assistant Attorney General, *Earl Carter*, County Attorney, *H. P. Shead*, Assistant County Attorney, and *Wear & Frazier*, for the State.—On question of tendering witness and manner of examination. Pugh v. State, 69 Texas Crim. Rep., 357, 151 S. W. Rep., 546; McCandless v. State, 62 id., 745; Kidwell v. State, 35 Texas Crim. Rep., 264; Reyons v. State, 33 id., 143.

LATTIMORE, Judge.—This appeal is from a conviction for the murder of J. L. Norris in Hill County, Texas. The facts are quite lengthy. and full of many minor contradictions not necessary to recite here. The killing took place in a small negro cabin formerly occupied by appellant on the farm of deceased on May 17, 1918. There were but three people in the house when the homicide occurred; deceased, who was a white man; appellant, and another negro by the name of Vince Brackins. Brackins was summoned as a witness both by the State and the appellant. He had been before the grand jury and testified regarding the homicide and had also made a statement of the facts to the officers. The principal complaint that is made in this case is with regard to the attitude of said Brackins as a witness. Appellant's bill of exceptions No. 4 is as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause the following proceedings were had, to-wit:

"After the State had failed to make out her case against the defendant and had practically rested her case, and after it had been shown that the witness Vince Brackins was the only eyewitness to the homicide, that he was present at the time the homicide occurred, the defendant moved the court to require the State to place said Vince Brackins on the stand to testify in behalf of the State and the court overruled the defendant's request and motion to require the State to place said witness Vince Brackins on the stand and stated in the presence of the jury that 'The court now tenders to both the State and the defendant the witness Vince Brickins, who was an eyewitness on the day of the alleged killing.'

"To the action of the court in refusing to compel the State to place upon the witness stand in its behalf the eyewitness Vince Brackins. (it being shown that he was the only eyewitness and that the State's case depended wholly upon circumstantial evidence outside of the testimony of said witness Vince Brackins and that the circumstances thus far offered by the State and testified to by witnesses were not sufficient to justify the submission of the case to the jury), the defendant objected and excepted on the ground that the testimony of said Vince Brackins was the best evidence in the case and that the defendant was entitled to have the State put on its only eyewitness against him, and such action of the court was prejudicial to defendant's rights. The court overruled defendant's exception and refused to compel the State to put said witness on the stand and tendered said witness as a witness for the State and the defendant, to which action of the court the defendant further excepted on the ground that it was prejudicial to the defendant's rights in forcing upon him a witness before the State had rested its case, thereby depriving him of the legal right to the management of his case and of his right to cross-examine the witness under the rules of evidence, and was in effect requiring the defendant to make out a case against himself. And defendant here now tenders this his bill of exception and asks that same be approved, filed and made a part of the record in this case.

"The foregoing bill is qualified with the following:

"The witness, Vince Brackins, was subpoenaed by the defendant and State. The defendant sought and obtained one continuance on account of the absence of this witness. The witness in question was hostile to the State and by mannerisms, attitude and appearance was favorable to defendant. The court of its own volition called the witness to the stand and tendered him to both the State and defendant. Neither side was permitted to lead him, and both the State and defendant examined him and developed his testimony fully. Thus examined his testimony is in the record. To have required the State to place him on the stand and to vouch for and become bound by his testimony would have made it idle either to try the case or to submit it to the jury. So it would be in any case presenting similar conditions. If the contention of counsel for appellant should be held to be the settled law of the land, then certain and easy means of escape is made plain to the criminal element, who with premeditated design have surrounded themselves, and the criminal transaction, with the conditions here presented.

"So qualified, this bill is approved and ordered filed as a part of the record."

Appellant's bill of exception No. 2 further complains because said witness Vince Brackins was not allowed to answer as to a certain matter in response to the questions of appellant, because the question relative thereto was leading. His bill No. 3 complains because

he was not permitted to lead the witness as to anything upon said trial, except those matters brought out by the State on direct-examination.

The action of the trial court in refusing to permit appellant to ask and the witness to answer leading questions was erroneous. For a trial judge to be permitted, even in the utmost good faith in any case, to distinguish between witnesses or attempt to place any witness in the attitude where he cannot be lead by either side, is to lay a predicate for such action as to other witnesses in other cases, which destroys the right of cross-examination as well as the duty and right of the respective parties to manage and be responsible for the conduct of their own cases. It might be better practice for the trial courts to introduce the witnesses, and neither side be held to vouch for them nor permitted to attack them in any way, but such is not the practice in this State or any other within our knowledge. There are certain duties devolving upon each person legitimately connected with the trial of one convicted of a crime. Under our system, as has often been remarked by our courts, the State furnishes the prosecuting attorney to decide the order of the State's testimony, to decide what witnesses the State will introduce, to examine witnesses and generally conduct the prosecution. If any given witness be the witness of neither side but be the court's witness so that he may not be cross-examined, this not only deprive one side or the other of that valuable right of cross-examination which is recognized by all courts, but one side or the other might easily be deprived of the power to impeach, for it is well said that on may not, generally speaking, impeach his own witness, and if it be successfully denied that he is the witness of the opposite party there could be no impeachment. The State is not bound to introduce all or any of the eyewitnesses to a transaction, nor is direct evidence better than circumstantial, *per se*. The State must make out its case by competent evidence beyond a reasonable doubt, and there the trial rule stops. The motion to compel the State to introduce Vince Brackins should have been denied, but when said witness was introduced and examined in chief by the State, the appellant should have been accorded the same liberty of cross-examination of him as of any other witness for the State.

A question arose as to the testimony of Sheriff Long as to the noise made by the firing of an automatic pistol whose cartridges carried smokless powder. The pistol of deceased was a small automatic, shooting steel jacketed bullets which made a small, smooth hole. Appellant's pistol was a large pistol firing a lead bullet. A small empty shell was found by the officers on a bed in the room where the homicide took place. It was in proof that an automatic pistol ejects the empty shells and loads itself automatically when being fired. The deceased was shot by a large bullet; appellant by a small one. Dr. Barnes said the bullet which struck the deceased

produced instantaneous motor paralysis and that he could not have shot appellant after being struck by the bullet which caused his death. Several witnesses who were at a little distance from the house where the homicide occurred said they heard but one shot. Vince Brackins who was in the room where the·shooting took place, said the deceased and appellant both fired, deceased firing first— that there was little difference between the shots—just enough to tell.

As the case must be tried again we are of opinion that in this condition of the record the witness Long should be allowed to testify that an automatic pistol of the calibre of that of deceased in shooting smokeless powder would make very little noise.

For the error indicated the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*