Ross Cox v. The State.

No. 8950.   Delivered May 13, 1925.

1.—Conspiracy to Commit Arson—Evidence—Copy of Deed—Parole Testimony.

Where a certified copy of a deed to real property is introduced in evidence, signed by a husband and wife, but does not show on its face that it was acknowledged by her, parol evidence that the original deed as recorded did contain her acknowledgment is not admissible. The state having filed the deed and given notice of its intent to use it, should not have been permitted to prove that the certified copy was not a true copy of the original deed.

2.—Same—Evidence—Title to Realty—How Proven.

Where in a criminal case the question of title is only involved to the extent that it is encumbent upon the state to prove that character of ownership requisite in a criminal case, this may ordinarily be done by parole, or by the circumstance of possession or occupancy. Following Rogers v. State, 25 Tex. Crim. App. 404 and other cases cited. But where the property is of a private nature, and vacant, the law demands a conveyance of record as a proof of ownership. Following Goldsmith v. State, 46 Tex. C. R. 556, and other cases cited.

3.—Same—Continued.

In the instant case, however, the certified copy of the record of the deed from L. L. Johnson, to Collier was sufficient under the record to prima facie meet the law which demands proof of ownership by deed of record, the certified copy being duly acknowledged by Johnson and purported to convey the property to Collier.

4.—Same—Evidence—Insurance Policy—Proof of—How Made.

Where the question of insurance on property involved in a trial of a conspiracy to commit arson, is a material averment in the indictment, and it is shown that the insurance was in a written policy, parol evidence is not admissible to prove the contents of the policy. The rule seems to be settled beyond any question that the best evidence in matters of this sort must be introduced, and here it would have been the policy itself. Following Brown v. State; 67 Tex. C. R. 543; Moore v. State, 146 S. W. 183; also see Wharton's Crim. Ev., 10th Ed., Vol. 1, p. 388, note 3, sec. 152.

5.—Same—Continued.

In the instant case the insurance is specifically an element of the offense, made so by Art. 1208, P. C. What has been said may not have application to a case in which the existence of the insurance policy is merely a collateral matter, relevant upon the motive alone. See State v. Watson, 63 Maine Rep. 128, Greenleaf on Ev., Sec. 558, and other cases cited.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of a conspiracy to commit arson; penalty, two years in the penitentiary.

The opinion states the case.

*Briggs & Davis, Simpson, Lassiter & Simpson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is a conspiracy to commit arson; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant and one Bob Collier are charged to have been parties to a conspiracy. According to the averment in the indictment, the property was owned by Collier, was situated in a town, and was covered by a policy of insurance.

Reliance was had upon circumstantial evidence. Its recital is not deemed necessary. The questions for review concern the rulings of the court upon the receipt of evidence of ownership of the property and proof that it was insured.

It was the State's theory that Collier had purchased a house and lot from Johnson and wife; that at the time of the commission of the alleged offense, Johnson and his wife had vacated but Collier had not yet occupied the premises. The position taken by the appellant is that the property being vacant, it was incumbent upon the State to make proof of ownership by conveyance. The learned trial judge seems to have been in accord with this theory and instructed the jury that the property being a homestead of Johnson and wife, it could not be conveyed without a deed with the privy acknowledgment of the wife properly certified.

The State, antecedent to the trial, gave notice to the appellant that there would be introduced in evidence upon behalf of the State a certified copy of the record of a deed from L. L. Johnson and wife, Ella Johnson, to Collier, which copy was filed among the papers in the case. The certified copy of the deed offered in evidence contained a certificate of acknowledgment of L. L. Johnson, but not of his wife. The State was then permitted to introduce parole testimony that the acknowledgment of Ella Johnson had been taken and certified.

The reception in evidence of the certified copy of the deed and the parole testimony over the objection of the appellant and the rulings of the court in receiving it are properly before this court for review. It is provided by statute that when an original deed which is entitled to registration and which has been duly registered is lost or cannot be procured, the party desiring to use it in evidence may obtain from the clerk a certified copy of the record, including the certificate of acknowledgment, and upon filing the affidavit that the original is lost or cannot be procured, the certified copy will become admissible in evidence as though it was the original. See R. S., Art. 3700; also Vernon's Sayle's Civil Statutes, Vol. 3,

pp. 2731 and 2732. Applying this statute to the present case, the State having filed the certified copy and given notice of its intent to use it, in our judgment it should not have been permitted to prove that the certified copy was not a true copy of the original deed by making proof that on the original deed there was a certified copy of the acknowledgment of Ella Johnson. In the mind of the writer, however, there exists doubt touching the necessity for proof of the separate acknowledgment of Mrs. Johnson. It is true that to make a valid conveyance of the homestead of a family, a separate acknowledgment of the wife, if living, is essential. Art. 1115, R. S., Vernon's Sayle's Civil Stat., Vol. 1. Where the question of title is directly an issue, a conveyance of the homestead without the certificate of the wife's acknowledgment would not be effective.

The present case does not involve the question of title but is was merely incumbent upon the State to prove that character of ownership requisite in a criminal case, and this may ordinarily be done by parole or by the circumstance of possession or occupancy. Rogers v. State, 26 Texas Crim. App. 404; Wyley v. State, 34 Texas Crim. Rep. 514. It seems in a case like the present that where the property is of a private nature and vacant, the law demands a conveyance or record, as proof of ownership. Goldsmith v. State, 46 Texas Crim. Rep. 556; also Hester v. State, 51 S. W. Rep. 952.

We are inclined to the opinion, however, that the certified copy of the record of the deed from L. L. Johnson to Collier was sufficient under the record to prima facie meet the law which demands proof of ownership by deed or record. The certified copy introduced was duly signed and acknowledged by L. L. Johnson, and purported to convey the title of the property to Collier.

We doubt the efficacy or the admissibility of evidence aliunde the record to the effect that the property was the homestead of Johnson and wife to rebut the prima facie proof mentioned. Inasmuch, however, as the case must be reversed upon other grounds and the matter now under discussion will not likely occur upon another trial, it is not deemed necessary to make a declaration conclusive upon the court upon the complex question which would grow out of the alleged homestead matter.

Proof that the property was insured was required in support of the material averment in the indictment. There was evidence that the insurance was in a written policy issued by the Hartford Fire Insurance Company of Hartford, Connecticut, in favor of C. R. Collier for $1875.00, which policy had been issued by R. L. Mattox, local agent of the insurance company. Antecedent to the time of the trial, the agent had sent the policy to the office of the insurance company at Atlanta, Georgia. It was shown that no effort had been made to procure the policy. In this state of the record, we are of the opinion that the secondary evidence of the contents of

the policy should not have been received. Upon parallel facts, this court, in Brown v. State, 67 Texas Crim. Rep. 543, said:

"The rule seems to be settled beyond any question, as we understand the law, that the best evidence in matters of this sort must be introduced and here it would have been the policy itself."

The court also said that in the absence of proof of loss or inability to procure the policy by the exercise of diligence, secondary evidence is not to be received. It was further said:

"There is no showing made by the State, as shown by this bill, except by the statement of the witness that when he canceled the policy he sent it to the home office in Baltimore, and he supposed it was still there. We are of opinion that this is not a sufficient showing."

In the present case, the policy was canceled by the witness Mattox and sent to the branch office at Atlanta, Georgia. Whether it was in existence or could have been obtained is not revealed, but it affirmatively appears that no effort had been made to obtain it or ascertain whether it was still extant. It was not claimed that the appellant ever had possession of it. It was the State's theory, however, that the inducement for the offense was the collection of the amount of the insurance policy. Under such circumstances, a like ruling was made by this court in Moore's case, 146 S. W. Rep. 183, where the reversal resulted because of the receipt of secondary evidence of the contents of the insurance policies over proper objection. Concerning the policies the court said:

"They were not at the insurance company's offices in Texarkana. . . . They had been sent away to some other office. It was not shown these papers could not have been by proper diligence produced."

In Wharton's Crim. Ev., 10th Ed., Vol. 1, p. 388, note 3. sec. 152, a number of cases are cited to the point that "on an indictment for arson, to prove that the property was insured, where the charge was commission of the act with intent to defraud the insurance company, the policy of insurance must be produced to prove the fact or insurance, and evidence of that fact will not be received from the books of the company until the absence of the policy is shown."

We have now before us a case where the insurance is specifically an element of the offense, made so by statute, Art. 1208 P. C. What has been said may not have application to a case in which the existence of the insurance policy is merely a collateral matter, relevant upon the issue of motive alone. See State v. Watson, 63 Main Rep. 128; Greenleaf on Ev., Sec. 558; Crowder v. State, 177 S. W. Rep. 501; Ruling Case Law, Vol. 14, p. 1440; sec. 602, notes 16 and 20. Upon this subject no opinion is expressed. The facts before us do not call for it.

The other questions presented are not such as will probably arise upon another trial.

Because of the action of the court in permitting secondary evidence of the contents of the insurance policy on the property insured in the absence of proper predicate showing diligence to produce or account for the original policy, the judgment is reversed and the cause remanded.

*Reversed and remanded.*