

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 7, 1959

Opinion No. WW-543

Mr. William A. Harrison
Commissioner of Insurance
State Board of Insurance
International Life Building
Austin, Texas

Re: May credit life, health and
accident insurance policies
issued under Article 3.53 of
the Insurance Code exempt
from coverage any death or
disability resulting from any
cause originating prior to the
date of the policy?

Dear Mr. Harrison:

You have asked our opinion "as to whether credit life, health
and accident insurance policies issued in accordance with the terms of
Article 3.53, Texas Insurance Code, may exempt from coverage any
death or disability resulting from any cause which originated prior to
the date of the policy."

Article 3.53, Section 7B, provides: "Credit life insurance
policies shall insure against the contingency of death from any cause
whatsoever..." No exceptions being permitted, it is clear that a
credit life insurance policy may not contain the exemption set out
above.

Article 3.53, Section 7C, provides that "credit health and ac-
cident policies shall insure against the contingency of disability from
sickness or accident of every kind and character whatsoever, originating
and occurring within the term of the policy."

You have indicated that the departmental construction given
this particular article by your office is to the effect that the language
in Section 7C "originating and occurring within the term of the policy,"
refers to the disability suffered by the policyholder rather than to any
sickness or accident which might pre-exist the term of the policy. Where
the language of a statute is susceptible of more than one construction or is
of doubtful meaning "longstanding departmental construction may be resort-
ed to in determining their proper interpretation." Dallas Title & Guaranty
Company v. Board of Insurance Commissioners, 224 S.W.2d 332 (Tex. Civ.
App., error ref.) With your construction we are in agreement and hold
that the provision in question precludes the issuance of policies exempting
disabilities resulting from causes originating prior to the date of the
policy.

In interpreting a statute it is necessary to examine it as a whole.
"In determining the legislative intent, the Court should not look alone to

any one phrase, clause or sentence of the Act, but to the entire Act. . ."
Popham v. Patterson (Tex. Sup. Ct. ) 121 Tex. 615, 51 S.W.2d 689.

The fundamental purpose of insurance, of the type authorized by Article 3.53 is obviously to insure the ultimate payment of the loan in the event something happens to the earning capacity of the borrower during the term of the loan. It is the occurrence of a disability during the loan that is insured against. As stated in Article 3.53, Section 1B(1): "Credit Health Insurance and Credit Health and Accident Insurance as used in this article. . .are expressly limited in their coverage to the contingencies of death or loss resulting from sickness and accident."

When must the contingency of loss resulting from sickness and accident occur? By the plain wording of the article, it must originate and occur within the term of the policy. To interpret this statute to mean that the accident or sickness which results ultimately in a loss of earning capacity must occur during the term of the policy is to impute to the Legislature an intention to defeat the basic purpose of the Act. It would have to be held that if an accident or illness occurred prior to a loan, which resulted in a disability during the term thereof, the loan would not be protected. This flies in the face of the fact that the very contingency has taken place from which the parties had contracted to protect themselves.

## SUMMARY

Credit, life, health and accident insurance policies issued under Article 3.53 of the Insurance Code may not exempt from coverage any death or disability resulting from any cause originating prior to the date of the policy.

Respectfully submitted,

WILL WILSON
Attorney General of Texas

R. V. Loftin, Jr.
Assistant Attorney General

Cecil Cammack, Jr.
Assistant Attorney General

RVL:jg

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman
Tom I. McFarling
Gordon C. Cass
J. Milton Richardson
David R. Thomas

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert