### ROGERS v. STATE. (No. 9118.)

(Court of Criminal Appeals of Texas. Oct. 28, 1925. Rehearing Denied Dec. 9, 1925.)

1. **Criminal law** ⊂⇒1092(7)—**Bill of exceptions filed over two months after term, and no extension of time granted, not considered.**

A bill of exceptions complaining of court's action in refusing to grant motion for election, not filed until over two months after term at which defendant was tried had adjourned, no extension of time having been granted, will not be considered.

2. **Criminal law** ⊂⇒1168(2)—**No harm in refusing motion for election where jury specifically limited to consideration of one transaction.**

Where court specifically limited jury to consideration of facts showing one transaction, no harm was done to defendant in refusing to grant motion for an election.

3. **Criminal law** ⊂⇒730(1), 1171(1)—**No reversible error shown regarding argument of district attorney which jury was instructed to disregard, and defendant given lowest penalty.**

Where the district attorney was reprimanded by court for use of language complained of, and jury was instructed not to consider such argument, no written request being made to so charge jury, and defendant was given the lowest penalty and offered no testimony disputing state's testimony, which was sufficient to show wanton effort to burn jail, no reversible error is shown regarding argument.

## On Motion for Rehearing.

4. **Arson** ⊂⇒11—**Destruction of building not necessary element.**

Where inmate of jail constructed of steel, windows and casings being combustible, set jail on fire with intention of destroying it, and when discovered window casing was burning, destruction of building was not necessary element of offense of arson.

Commissioners' Decision.

Appeal from District Court, Hemphill County; W. R. Ewing, Judge.

Mrs. Fred Rogers was convicted of arson, and she appeals. Affirmed.

Hoover, Hoover & Willis, of Canadian, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. The appellant was convicted in the district court of Hemphill county for the offense of arson and her punishment assessed at confinement in the penitentiary for a term of two years.

[1, 2] There are but two bills of exception contained in the record. Bill of exceptions No. 1 complains at the court's action in refusing to grant an election. The record discloses that this bill was not filed until November 28, 1924, and that the term of court at which the appellant was tried adjourned on the 3d day of September, 1924, and the record fails to show that appellant was granted an extension of time in which to file bills of exception and statement of facts. Under this condition of the record, appellant's bill of exceptions No. 1 should not be considered. An inspection of same, however, if it could be considered, fails to show any error. The court in his charge, in pertinent language, specifically limited the jury to a consideration of facts which show one transaction and one only, and no harm was therefore done to the appellant in refusing to grant her motion for an election.

[3] The other bill of exception contained in the record complained at the argument of the district attorney. The bill shows that the district attorney was reprimanded by the court for the use of the language complained of, and the jury was instructed by the court to not consider the argument complained of, and the court's qualification to the bill further shows that no written request was made by the appellant to have the jury charged in writing not to consider the argument. The record further discloses that the appellant was given the lowest penalty for the offense with which she was charged, and that on the trial of the case she offered no testimony and in no wise disputed the case as made by the state. The state's testimony was amply sufficient to show a wanton effort on the part of the appellant to burn the jail in which she

---

was incarcerated at the time the offense is alleged to have been committed. Under the conditions above stated, no reversible error is shown by this bill or by this record.

It is therefore our opinion that the judgment of the trial court should be in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

MORROW, P. J. [4] The building in the main was constructed of steel. Parts of it, such as the windows and casing thereof, were of combustible material.

The evidence without controversy shows that the appellant, while an inmate of the jail, set it on fire with the intention of destroying it. When discovered, the window casing was burning, the flames going up the side of the building. The elements of the offense do not demand the destruction of the building. As said by Presiding Judge White, in writing an opinion of this court:

"The burning is complete when the fire has actually communicated to a house, though it may neither be destroyed nor seriously injured; and it is of no consequence by what means the fire is communicated to a house, if the burning is designed." Smith v. State, 23 Tex. App. 362, 5 S. W. 220 (59 Am. Rep. 773).

See, also, Wigfall v. State, 57 Tex. Cr. R. 639, 124 S. W. 649; Blanchette v. State (Tex. Cr. App.) 24 S. W. 507.

The improper argument of which complaint is made brought from the court a prompt reprimand and an instruction to the jury to disregard the remarks of the prosecuting officer. Moreover, we fail to perceive any evidence upon which the hope for a verdict more favorable to the accused could have been reasonably based.

The motion for rehearing is overruled.