### HARRY BLACK V. THE STATE.

No. 15629.   Delivered February 15, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 168.

The opinion states the case.

*Alvin M. Owsley* and *Baskett & DeLee,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for arson; punishment, two years in the penitentiary.

Appellant was charged in the count submitted to the jury with burning a house belonging to Sadie Black. The testimony shows without contradiction that appellant and his wife, Sadie Black, had been divorced some time prior to the fire in question, and that at said time appellant had deeded all of his property over to his wife. Two of the children of appellant testified orally to the fact that the property in question belonged to their mother.

Appellant has some complaint based on the proposition that oral testimony as to the ownership of the property was erroneously received. He cites Goldsmith v. State, 46 Texas Crim. Rep., 558. The Goldsmith case was expressly overruled in Nash v. State, 51 S. W. (2d) 689. See, also, Clay v. State, 51 S. W. (2d) 693. In the above cases we said that oral testimony regarding ownership and possession of property was receivable in arson cases such as this.

We are of opinion that the testimony in this case was sufficient to support the judgment of guilty. As a motive for the alleged arson, it was permissible to prove that appellant had

taken out a large quantity of insurance on said property, which was in force at the time the fire occurred. While there was some testimony from appellant and his family that he and his wife did not live together, there seems other testimony indicative of the fact that they did so live. Appellant testified that he collected all the rents and took out the insurance, and generally managed the property that had formerly been his but which he turned over to his wife. He said he did it for pay from her—that she paid him ten per cent for collecting the rent, and paid him for other work that he did in regard to said property.

There are eight bills of exception. The first complains of the testimony of the investigator for the fire marshal's department of Dallas who testified that when he arrived at the scene of the fire a short time after the alarm was turned in he found the house burning, and that the fiercest part of the fire appeared to come from a closet in which he found later a quantity of excelsior and paper that appeared to have about it the odor of kerosene. Referring to this paper the witness said that after it had been hit with a line of water in putting the fire out, it had been scattered around pretty much. This last mentioned testimony was the subject of the bill of exception under discussion. We fail to see the force of the objection or the possible injury of the testimony. The firemen testified that the fire was burning vigorously in the closet mentioned and that they turned the hose on the fire. Whether the water from the hose scattered the paper by the time the investigator got there, would seem to be a matter of little importance. That it was scattered by water and not by some person, would seem favorable to appellant.

There is complaint in another bill of exception of the testimony of said investigator in regard to efforts made by him to locate the owner of the building. He testified that after having found out from tenants and people living near by that the property was looked after by a Mr. Black, he called the telephone number of Mr. Black on Lenway street about 2 o'clock, and not getting any response he went to 1605 Lenway, and that there he went up on the porch and knocked at the door and rang the bell and called Mr. Black's name several times in a loud voice but got no response. He said he stood there pounding on the door, ringing the bell, and yelling and trying to rouse somebody for two or three minutes. It appears from the testimony of appellant and the various members of his family that they were at home at said 1605 Lenway at the time this witness was trying to attract attention or arouse somebody in said house. We

think the testimony admissible. There is other testimony suggesting that not only appellant was at the burned house a few minutes before the fire in question, but that his son who lived with his wife at 1605 Lenway was also with him at the house which caught fire, just a short time after they were seen at same.

We pay no attention to the bill of exception complaining of the introduction of the deeds introduced by the state showing a conveyance of certain property on Oak street to Sadie Black. It appears to be true that the state failed to specifically connect up by any testimony the property described in the deeds introduced in evidence, but as indicated above, we regard the oral testimony of appellant and his children as sufficient to show that the property burned was the property of Mrs. Sadie Black as alleged in the indictment.

There is complaint of the fact that, while appellant was on the witness stand, the state's attorney was permitted to ask him if he was mad at his wife. We fail to see the cogency of the testimony, or its possible injury. There is also complaint of the refusal of a peremptory instruction asked by appellant. We think the same properly refused. We entertain the same opinion regarding a special instruction for a verdict of not guilty, which was refused.

Inasmuch as the count submitted to the jury did not charge that appellant burned a house which was insured, appellant sought a special charge asking that the jury be told that the testimony showing the house was insured be withdrawn from their consideration. This charge was refused, and we think properly so. We think the testimony that the house was insured was admissible for the purpose of showing motive on the part of appellant, who at most was divorced husband and business manager for the owner.

The last bill of exception complains of the refusal of a special instruction telling the jury that appellant had the right to go upon the premises for the purpose of collecting rents, repairing, etc., and that his presence upon said premises at times before said house was burned, if it was burned, could not be used as a circumstance against him. Said charge would be manifestly on the weight of the testimony and improper. It was leveled at the presence of the appellant at 11 o'clock at night shortly before the fire as well as at his presence any other time.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The court charged on principals. In making application thereof he instructed the jury in substance that, if Soloman Black set fire to the house, and appellant was present and knew the unlawful intent of Soloman Black to set the house on fire, and appellant aided therein by acts or encouraged by words he would be guilty as a principal. Appellant objected to the charge on principals on the ground that the issue was not raised by the evidence. In his motion for rehearing appellant calls attention to the point, urges that it should be sustained, and that a reversal should result for the erroneous submission of such issue. We have examined the facts before us with the particular point in mind. It occurs to us that there is evidence in the record sufficient to warrant the trial court in submitting the issue.

The other matters presented in the motion were considered in our original opinion and we think were correctly disposed of.

The motion for rehearing is overruled.

*Overruled.*