# JUNE 17, 1936

## CLEVE BARNES v. THE STATE.

No. 18323. Delivered June 3, 1936.
State's Motion for Rehearing Denied (Without Written Opinion) June 17, 1936.

The opinion states the case.

*L. H. Welch,* of Breckenridge, for appellant.

*Ben J. Dean,* District Attorney, of Breckenridge, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is arson; the punishment, confinement in the penitentiary for four years.

It was alleged in the indictment that appellant "did unlawfully and wilfully set fire to and burn the house of Rayford McNabb and W. P. McLean."

There was no averment in the indictment that the house was insured. Appellant was not interested in the policy of insurance Rayford McNabb had procured, and there was nothing in the evidence tending to show that appellant had been promised any part of the proceeds of the said policy. Over appellant's proper objections, the State was permitted to introduce in evidence an application by Rayford McNabb for a policy of insurance. Also the insurance agent was permitted to testify that said policy was issued in the sum of $1,000. No effort was made by the State to lay a predicate for the introduction of secondary evidence of the contents of said policy.

We are of opinion that the court fell into error in admitting proof of the fact of insurance. Before testimony concerning motive may be properly received such testimony must fairly tend to raise an inference in favor of the existence of a motive on the part of the accused to commit the alleged offense for which he is on trial. Branch's Ann. P. C., sec. 1879; Kirklin v. State, 164 S. W., 1016. We quote from 4 Texas Jur., 819:

"If the indictment omits to allege that the house was insured, evidence as to insurance is incompetent. This is true, however, only where the existence of insurance is specifically

an element of the offense, and not where it is a collateral matter, relevant upon the issue of motive alone."

If the testimony relative to insurance had been admissible, no predicate was laid for the introduction of secondary evidence. In 4 Texas Jur., 819, it is said: "To establish that the building was insured, the policy of insurance, if available, must be produced. If the policy is available, oral testimony as to the fact of insurance is not admissible." We quote from Branch's Annotated Penal Code, sec. 2157, as follows:

"The best evidence of whether the house was insured, and as to the amount of the insurance, and the names of the companies, is the policy itself, and it is error to admit secondary evidence of these matters without a proper predicate therefor. Moore v. State, 146 S. W., 184. Brown v. State, 150 S. W., 438. Crowder v. State, 177 S. W., 501."

In the present case, the insurance agent testified that he thought the policy was in the possession of the owner of the house. The State made no effort to show that said policy had been lost or destroyed, or that it was beyond the jurisdiction of the court.

The penalty assessed was two years above the minimum. Hence we would not feel warranted in holding that the errors hereinbefore discussed were harmless.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.