CLEVE BARNES v. THE STATE.

No. 19201.  Delivered May 11, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, and *Dan Moody* and *Dorothy Harrison,* both of Austin, for appellant.

*Ben J. Dean,* District Attorney, of Breckenridge, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for arson, punishment assessed being three years in the penitentiary.

This is a companion case to that of Lemley v. State. [No. 19062, page 148 of this volume.] Each of the cases have heretofore been before this Court and reversed. The first appeal of the Barnes case is reported in 130 Texas Crim. Rep. 547, 95 S. W. (2d) 112, and the Lemley case 130 Texas Crim. Rep. 552, 95 S. W. (2d) 113. The Lemley case, No. 19062, on the second appeal, was reversed and remanded in the opinion on rehearing of date May 4, 1938.

The present record is much like that in Lemley's case last referred to, and many things said in the opinion on rehearing in the Lemley case are pertinent here.

In the only count of the indictment submitted to the jury it was alleged that the property burned belonged to Rayford McNabb and W. P. McLean. It was necessary for the State to

prove such allegation. We quote from 4 Tex. Jur., Section 10, page 807: "Arson is said to be directed more against the possession and occupancy than towards the ownership of the destroyed property. And, for the purposes of a prosecution for arson, the burned building is deemed to belong to the person who has the right of possession thereof. Title to and ownership of the property is rarely if ever in issue; nor will inquiry be permitted into the tenure or interest of the occupier or person in possession of the house, if in fact it was his dwelling." Authorities are cited in the notes supporting the text. Article 402, C. C. P., provides in part as follows: "Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. * * * " It has been held that said article has application in arson cases. Morgan v. State, 114 Texas Crim. Rep. 478, 22 S. W. (2d) 461; Phillips v. State, 17 Texas Crim. Rep. 169. Also, it has been held in many cases that the title to property not being involved in arson prosecutions the ownership or possession of the property may be proved by parol. See Nash v. State, 121 Texas Crim. Rep. 13, 51 S. W. (2d) 689; Black v. State, 123 Texas Crim. Rep. 476, 59 S. W. (2d) 168. Many authorities will be found collated in the opinion in the Nash case.

In the present record precisely the same condition is found as we found in Lemley's case on the last appeal in that not one word of testimony is to be found to the effect that either McNabb or McLean was ever in the actual possession of the property burned, or ever exercised any control or management over it. The evidence shows that Oscar Oakley and his wife had been occupying the house for fourteen months prior to the date of the fire and that they moved out of the house during the day preceding the night upon which the house was burned. In this case both Oakley and his wife testified, Mrs. Oakley being called by the State and Mr. Oakley by the defendant. It was not sought to be edicited from either of said witnesses by whose authority they occupied the property. We find from the statement of facts that Mr. Morrow, the sheriff of Stephens County, testified that the land belonged to Rayford McNabb and *Laura McNabb;* but a bill of exception complaining of the admission of Mr. Morrow's testimony shows that he testified that it belonged to Rayford McNabb and *W. P. McLean.* We do not attach very much importance to Mr. Morrow's testimony. He could testify if he had seen either or both of the alleged owners in possession of the property or knew of them or either of

them exercising any acts of ownership with reference to it, but he was not questioned regarding that matter at all. In the opinion on rehearing in Lemley's case of date May 4, 1938, we made some observations with reference to Mr. Morrow's testimony and do not find it necessary to repeat them here.

In the present record we find that the tax collector of Stephens County testified that Mrs. Laura McNabb paid taxes on the property upon which the burned house was located for the years 1929, 1930 and 1931. The burning of the house is alleged to have occurred in the latter part of August, 1935. The record is entirely silent as to who rendered the property for taxes, or whether anyone paid taxes thereon from 1931 up to the time the house was destroyed.

The conveyances which were improperly admitted in evidence for a failure to file and give notice in the Lemley case were introduced by the State in the present case, but here proper filing was had and notice thereof given. The first of these instruments is a judgment in the district court of the 88th Judicial District of date February 7, 1930, which purports to be an agreed judgment of partition among the heirs of E. Y. Jennings and his wife, together with W. P. McLean and other parties, which included the land upon which the burned house was situated. By deed of date February 25, 1930, certain of the parties to the partition judgment conveyed their interests to Mrs. Laura McNabb, and on the 15th day of February, 1934, she conveyed her interest in said property to Rayford McNabb.

Appellant introduced a deed to the property on which the burned house was situated from the Collector of Internal Revenue of the United States which purported to be in satisfaction of income taxes due the United States Government from E. Y. Jennings for the years 1919 and 1920, which deed was executed in 1929, and was recorded in the deed records of Stephens County prior to the partition judgment heretofore referred to. As in the Lemley case, appellant here takes the position that the United States owned the property in question and thus defeats the averment in the indictment that the house burned belonged to McNabb and McLean as alleged in the indictment. It is not necessary to here repeat our observations with reference to the deed to the United States Government. It contains the recitals mentioned in our opinion in the Lemley case and the same authorities and the statutes of the United States referred to in that opinion are pertinent here.

We find in the record here certain evidence which was not in Lemley's case. The witness Ingram testified on behalf of appellant that he (Ingram) had been negotiating with the

United States Government with reference to purchasing from said Government the property upon which the burned house was situated; that he had made a bid on the same and had put the money up; that the Government then had his bid under consideration but that he had not received a deed from the Government to said property; that witness had been told by some one representing the Government that his bid of $350 for the land had been accepted.

Outside of the testimony of Mr. Ingram there is nothing in the record to indicate that the United States Government had ever claimed or exercised any control over the land in question under the deed executed by the Collector of Internal Revenue. In this respect the record is as silent as to any actual exercise of control or possession of the property by the Government as it is with reference to possession or the exercise of control by the parties alleged in the indictment to be the owners. So far as the record discloses Oakley and his wife may have occupied the property either by authority of the Government or by authority of Rayford McNabb and W. P. McLean.

Under the condition of the record before us we are unable to say that the State has discharged the burden of proving that Rayford McNabb and W. P. McLean were the owners of the property destroyed by fire; that is, that they were in possession or entitled to the possession thereof, which is after all the test of ownership where the offense of arson is concerned.

Bill of exception number twenty-three reflects that appellant called the witness A. M. Mood who was Assistant United States District Attorney for the Northern District of Texas, for the purpose of proving by him that the United States Government was asserting claim to the land upon which the burned house was situated under the deed from the Collector of Internal Revenue to the Government. Objection was interposed by the State on the ground that Mr. Mood had been in the courtroom and had heard some of the witnesses testify. The bill recites that Mr. Mood was not present at the time the rule was called for and the witnesses sworn and placed under the rule, but came into the courtroom after the trial of the case was under way, but he was not known to the district attorney or the trial judge, and being a practicing attorney Mr. Mood remained in the courtroom. It is seldom that the discretion of the trial judge in regard to excluding testimony of a witness where the rule has been called for and the witness has remained in the courtroom will be interfered with, but we are inclined to believe that the learned trial judge fell into error in the present in-

stance. As we understand from the bill, no witness testified to any fact while Mr. Mood was present that could in any way have affected the testimony that was sought to be elicited from him. If he knew whether the United States Government was asserting ownership of the land in question he should have been permitted to testify to such fact, especially in view of the way the case had been developed.

Because we feel that the conviction can not be permitted to stand for the reasons heretofore advanced, the judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In the motion for rehearing attention is called to the fact that we were in error in our statement in the original opinion that the record is silent as to the name of the person rendering the property for taxes from 1931 up to the time the house was destroyed. Counsel for the State is correct when he says that the tax collector testified that in 1932 Mrs. Laura McNabb rendered the property in question. Our conclusion would have been the same if the date had been correctly stated.

Our re-examination of the record in the light of the motion leaves us of opinion that proper disposition has been made of the appeal.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.