CHARLES ORAN DREW V. THE STATE.

No. 22677. Delivered January 12, 1944.
Rehearing Denied February 23, 1944.

The opinion states the case.

*Noah Roark* and *Bassett & Parks,* all of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is arson. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant brings forward a number of questions for review. To discuss each of them in detail would extend this opinion quite at length and serve no useful purpose.

His first contention is that the evidence is insufficient to justify his conviction and that the trial court erred in refusing to give his special requested instruction to that effect. We have read the statement of facts with much care and find that the evidence is ample to sustain the jury's conclusion of the appellant's guilt.

By Bill of Exception No. 1 appellant complains of the action of the trial court in permitting the State to prove by A. L.

Rambo, that he was the owner of the store building in question and that he had the care, control and management thereof, to which appellant objected on the ground that parol evidence was not the best evidence of ownership. We see no merit in this bill. The title to the land was not in issue. Hence, the ownership or possession of the property alleged to have been burned may be shown by parol evidence. In support of what we have said here, we refer to the following cases: Tinker v. State, 77 Tex. Cr. R. 506; Hamilton v. State, 165 S. W. (2d) 737; Nash v. State, 121 Tex. Cr. R. 13, 51 S. W. (2d) 689; Black v. State, 123 Tex. Cr. R. 476, 59 S. W. (2d) 168; Barnes v. State, 135 Tex. Cr. R. 111; also Branch's Ann. Tex. P. C., p. 1212, sec. 2149. We, therefore, overrule his contention.

By Bill of Exception No. 2 appellant complains of the following conversation between Mr. Rambo, the alleged owner of the burned building, and the appellant on the afternoon prior to the fire: Appellant inquired of Mr. Rambo if he wanted him (appellant) to put beaver board in the back room, to which Mr. Rambo replied: "You are the carpenter. I don't have anyone else to do it." Whereupon appellant said: "Well, if I do, you will have to pay me $2.50 extra," to which Mr. Rambo agreed. Then appellant stated to Mr. Rambo: "You will have to pay me extra for casing those windows and doors," whereupon Mr. Rambo inquired of him: "What does the contract call for?" Appellant then said: "I owe George Bennett $14.00. You give me that and we will forget it." Rambo then said to appellant: "If you don't want to finish the job, just go home and come back in the morning." To all of which appellant objected on the ground that it was irrelevant, not admissible for any purpose, and was not the best evidence of the contract. As we understand the record, this testimony was not introduced as tending to show the terms of the contract between appellant and Rambo but that a difference arose between them, which was a circumstance tending to show a motive for the commission of the offense charged. Any act on the part of the accused which tends to show a motive for the commission of the offense is admissible.

Bills of Exception Nos. 3, 9, 10, 11, 12 and 13 all relate to the appellant's intoxicated condition at the time of the fire, as well as before and subsequent thereto. When this testimony was given, appellant objected thereto on the ground that it was an attempt on the part of the State to prove an extraneous offense. It appears to us that there is no merit in either of the bills inasmuch as appellant testified that at the time of the fire he was in Sigler's Tavern drinking beer; "that he had had a

plenty." When evidence is brought into the case from other sources which is of like character and to the same effect as that which appellant has introduced, he has no just ground for complaint. However, appellant's condition on the night in question was admissible for the purpose of tending to establish his identity as the person who committed the offense. Mr. V. C. Stracener testified that on the night in question, he was sitting in his automobile with his wife and three children; that he saw the defendant pass in front of his (witness') car and stumble over a bicycle; that he was not steady on his feet. He then watched his actions around the automobile; that he got in on the driver's side and passed through the car and got out on the opposite side, then passed around the car, got in again and proceeded on down the street from there; that he saw him standing in front of the store striking matches; that he stood there about three to five minutes during which time he struck five or six matches; and soon the witness saw a little glow in the store. The witness took the license number of the appellant's car which he handed to the Fire Chief on his arrival at the scene of the fire.

Appellant denied that he set fire to the building and testified that about the time the fire broke out he was in Sigler's Tavern drinking beer; that he had loaned his automobile to two men who drove it away from the tavern but soon returned. There is not any evidence that either of the two men to whom he loaned his automobile was intoxicated, but the appellant having admitted that he was under the influence of intoxicating liquor and the fact that the witness who saw him strike the matches and throw them into the store building testified that the party was intoxicated, tended to establish the appellant's identity, as well as corroborate the witness who identified appellant by his clothes and general appearance. His identity being an issue in the case, it was proper for the court to admit every fact and circumstance which tended to establish the identity of the person who set fire to the building.

Bills of Exception Nos. 4, 5, 6, 7, and 8 are qualified by the trial court, and as thus qualified, they fail to reflect any reversible error.

A number of bills of exception complaining of the court's action in declining to give appellant's numerous special requested charges are found in the record. These have been carefully considered by us in connection with the court's main charge. The court gave a very comprehensive instruction to the jury in

which he correctly and adequately applied the law to every issue in the case. Consequently there was no error in refusing to submit the requested charges. Appellant, nevertheless, complains of the court's action in declining to submit to the jury his Requested Special Charges Nos. 1 and 2 to the effect that if the building was only scorched, they could not convict him of arson. We do not believe the evidence on the subject was such as required an instruction thereon. The evidence shows that there was a can containing coal oil or gasoline thrown into the building and set on fire; that the fire burned a space six by three feet on the floor and also a space between the floor and a window of about one foot before it was extinguished. The floor was not hurt but it was burned pretty bad. Mr. Hilton, of the Fire Department, testified that a space on the floor of the building of approximately four or five feet square was burned to the extent that it was weak. The witness testified: "If you stepped on it, you would go through." There is no evidence to the contrary in the record.

Article 1306, P. C., provides as follows:

"The burning is complete when the fire has actually communicated to a house, though it may be neither destroyed nor seriously injured."

Under the foregoing article of the statute and the following authorities, we do not believe that any error was committed by the trial court in refusing to submit the requested special charges: Blanchette v. State, 24 S. W. 507; Rodgers v. State, 102 Tex. Cr. R. 331; Wigfall v. State, 57 Tex. Cr. R. 639. Wharton's Criminal Law, (12th Ed.) Vol. 2, p. 1343, sec. 1055, states the rule as follows: "The offense is consummated by the least burning of the house. The charring of floor or wall is sufficient, and it makes no matter how soon the fire be extinguished."

In his motion for new trial, appellant claims that there was a separation of the jury contrary to Art. 668, C. C. P. The trial court heard evidence relative to the issue raised and this is brought forward in a separate statement of facts. It appears therefrom that one of the jurors had a broken ankle; that when the court took a recess on the evening of the first day of the trial until the next morning, the juror made it known to the court that he was unable to go up and down the stairway of the court building and from there to the cafe, whereupon appellant's attorney suggested that the evening meal be brought to the juror. The bailiff in charge of the jury locked this juror in the jury room while he escorted the other eleven to the cafe for

34

their evening meal; that when they returned to the jury room the bailiff brought the evening meal to this juror. We do not regard this such a separation as contemplated by Art. 668, supra. The juror was as much in charge of the bailiff while confined in the jury room as were the other eleven members. There is not the slightest intimation that this juror conversed with, or had an opportunity to converse with anyone while so confined. Consequently, no injury is shown to have resulted to the appellant. A similar question was before this court in the following cases: Goode v. State, 123 Tex. Cr. R. 293; Wood v. State, 84 Tex. Cr. R. 187. We believe the foregoing authorities announce a correct rule and we see no good reason for departing therefrom. Reference is also made to 42 Tex. Jur. p. 393, sec. 312, where the subject under consideration is more extensively discussed.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant, in his motion for rehearing, urges no new or additional propositions. We have again examined the record in the light of appellant's contentions and remain of the opinion that reversible error is not reflected.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.