KAY JOHNSON V. STATE.

No. 24890. December 13, 1950.
Rehearing Denied February 14, 1951.

*J. Webb Stollenwerck and Vernon Allred* (on appeal only), Hillsboro, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant stands convicted of the wilful burning of his house, situated within the city of Hillsboro. The punishment was assessed at two years in the penitentiary.

Appellant and his wife owned and, together with their four sons, occupied their home. At 10:40 o'clock at night a fire in the second story of the house was reported to the fire department.

The proof showed a strong odor of kerosene oil. One witness testified that in his opinion, inasmuch as he had detected such odor at the time, the oil was used in setting on fire and burning the house. The sheriff was permitted, without objection, to testify to the hearsay declaration of some unknown party reporting the fire that "Kay Johnson has set his house on fire and I want you to come down there."

It appears that on the afternoon of the same day appellant's wife left with a friend for a visit in another city.

A son of appellant testified that about 8:30 o'clock on the night of the fire he saw his father at home and about thirty minutes later he and his father left and went to the home of the witness Green.

The witness Green testified that when appellant and his son arrived at his home, the son said to him, "I am bringing dad down here to keep him from setting the house afire." The witness Green replied, "No, he ain't going to do that," to which appellant replied, "Yes, my wife is gone and I don't need it." Green testified that appellant was at that time under the influence of liquor but not drunk. Appellant remained at the Green home some ten minutes after his son left. Green said that appellant at that time told him that "a year or so ago he had insurance on the house" but that "he didn't speak about it that night."

Annie Marie Long, appellant's seventeen-year old niece, who lived with her mother and next door to appellant, testified that on the night of the fire when she was sitting in her front yard and appellant was seated on his front porch, she heard appellant say "he was going to burn his house down" and that the statement was made to no person but, rather, that he was "talking to himself." Appellant at that time showed that he was or had been drinking. Thereafter, appellant was seen by the witness to leave the porch and go unstairs. Through a window she saw him with a five-gallon oil can in his hand after he reached the upstairs room. The witness detected the odor of kerosene oil. Some time thereafter—the exact time is not fixed —the fire was discovered in that particular room.

Appellant did not testify as a witness.

Evidence that the fire was of incendiary origin and appellant's threat and proximity to the fire warranted the jury in reaching the conclusion of guilt. Appellant's contrary contention is therefore overruled.

Appellant complains of the receipt in evidence of the proof that on the night of the fire appellant told the witness Green that "a year or so ago he had insurance on the house." The objection to this testimony was that such was not the best evidence, that if the house was insured the policies of insurance would be the best evidence.

There is no allegation here that appellant burned his insured house. Insurance, then, was not an element of the offense charged and not necessary to be established. 4 Tex. Jur., Arson, Sec. 20, p. 819.

Moreover, the witness Green did not say whether the house was insured at the time of the fire or that appellant so told him. His testimony goes no further than that appellant said the house was insured in times past.

We are unable to conclude that the trial court erred in the particular pointed out.

Appellant complains of the overruling of what he termed and considered his first application for a continuance, because of the absence of witnesses by whom he claimed he could establish an alibi to the burning.

The trial court, in his qualification to the bill of exception presenting this matter, certifies that the application was "in fact a second motion for continuance, and not a first motion, as stated by attorney for defendant." Appellant accepted such qualification to the bill, and is bound thereby. Consequently, the motion for continuance must be here appraised as a second motion for continuance.

In the first instance, the motion does not contain the averments necessary for a second motion, as provided by Art. 544, C. C. P., and for that reason is not sufficient to warrant consideration by this court.

A certain amount of discretion is lodged in the trial court touching continuances and, especially, second and subsequent

applications. One of these is the discretion to determine whether a different result would have been reached had the testimony been before the jury.

We cannot say that the trial court abused this discretion in the instant case.

Other bills of exception have been examined and are overruled without discussion.

The judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

In appellant's motion he stresses what is termed an error herein in that a witness was allowed to make the statement that about a year prior to the burning of such house appellant told the witness that he (appellant) had insurance on the house, appellant claiming herein that such method of proving this matter was improper and should have been proven as is suggested in Barnes v. State, 130 Tex. Cr. R. 547, 95 S. W. (2d) 112.

It is noted that appellant was merely charged with burning his own house in the city of Hillsboro, and as provided by Article 1312, Vernon's Ann. P.C., the mere fact that one burns his own home in a city would render him criminally responsible. The indictment herein made no mention of a burning for the purpose of receiving any insurance on such house, and the mere mention that appellant told the witness that about a year prior to the burning he had insurance on the house was not necessary nor pertinent to the charge in the indictment. In the Barnes case, supra, it was held in substance that the proof of insurance should be evidence by direct testimony, as for instance, the policy itself, or a failure to produce same would be erroneous if such were existent. We do not think such case should govern here under the facts shown. Surely a statement by an accused that he had a policy of insurance on a burned house at a certain time would itself be primary evidence thereof in the nature of a confession, and if a confession be present it would not be necessary to offer further proof of the existence of such policy.

Again, the proof of insurance was not a part of the charge, and it was not necessary to prove the same; and its casual men-

tion on the part of the witness was not of any serious consequence in this trial.

The difference between this present case and that of Barnes v. State, supra, rests in the fact that it was thought in the Barnes case that a failure to offer proper secondary evidence was shown. In the present case, the evidence relative to insurance comes from appellant himself as told to the witness and is a declaration against interest. In either instance, we do not think any error is shown herein.

Appellant also contends that the difference between the time he was seen at his house with the oil can and the time the fire was observed was too great to be of any probative force. Appellant's niece does place such time as around 8 o'clock, and she never does say that she saw him set the fire. But she does say that she saw him do certain things, and heard him say that he was going to set the house afire, which was surely after appellant had returned with his brother from West. The brother places himself and appellant on the road and at the town of West where they did considerable drinking, and finally returned to Hillsboro. The brother then let appellant out near to this house pretty close to the hour of 10 o'clock "about fifteen or twenty minutes before the fire. It was pretty close to 10 o'clock, about 9:30 or 10:00 o'clock, and it was about fifteen or twenty minutes after that when I heard about the fire." It was shown by the record that the fire was turned in to the fire department at 10:40 P.M. It can readily be seen that the hours set by all parties were problematical, and none seemed to be positive as to the very instant that any event occurred. It does seem clear from the record that the state proved that appellant said he was going to burn his house; that he was taken to West in the afternoon of the fire that night; that he returned to Hillsboro about 9:30 or 10:00 o'clock; that he was seen at his house and heard to say that he was going to burn it; that he entered it with a can of kerosene in his hand; that the house burned with a strong smell of kerosene therein. Whether this house was set afire immediately after appellant's entrance therein or at a later hour seems to be immaterial, if he set the same, and regardless of the estimate of time by the witnesses, the fact remains that somebody set this house afire; that appellant said he intended to do so, and was seen entering the house with the can of oil, and the house burned.

We think the testimony was sufficient to uphold the jury's verdict of guilt.

450

The motion will be overruled.