GEORGE SPLAWN V. STATE

No. 27,699, October 9, 1955.
Motion for Rehearing Denied
(Without Written Opinion) November 9, 1956

*Arthur O'Connor,* Belton, *Jerome M. Smith* and *Wm. Yelderman,* Austin, for appellant.

*Raymond Thornton,* District Attorney, Belton, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Arson is the offense; the punishment, two years in the penitentiary.

The indictment alleged that appellant wilfully burned a house, of which he was the owner, there being within said house property belonging to one Theodore W. Andrews.

The burned house was a tenant house in the East part of Belton. It was located on a 6-acre tract of land, some 200 yards southwest of the house occupied by appellant and his wife and daughter.

Andrews, a sergeant in a Medical Detachment at Ft. Hood, testified that he rented the house in question from appellant and had occupied it with his family as a place of residence since October 1953; that he rented it unfurnished, and all of the furniture in the house belonged to him.

The house was destroyed by fire on Saturday, June 5, 1954, about 8:30 P.M. There is ample evidence to support a finding that fire was of incendiary origin, gasoline having been used.

Appellant did not testify. The court charged the jury on the law of circumstantial evidence. The sufficiency of the evidence to support the jury's finding that appellant was the person who set fire to the house is challenged.

On this issue, the state's evidence shows the following:

Some six weeks before the fire, appellant had asked Sgt.

Andrews to move, but thereafter sent him word that he could remain as a tenant.

On the day of the fire, appellant advised Sgt. Andrews that his rent was to be increased ten dollars. Andrews told appellant that he had no choice but to pay the increased rent since rent houses were hard to find, and on the same occasion advised appellant that he was making a short visit to Mississippi. Appellant assured Andrews that he would look after the house during his absence.

The Andrews family departed about 1:30 or 2 P.M. Before leaving, they nailed down the windows, locked the doors and cut off the electricity and the butane gas.

A hat found at the scene of the fire was identified as being a hat identical with that appellant was wearing on the afternoon in question.

There was evidence that the net wire fence had been mashed down and one or more staples pulled out at a point immediately between the tenant house and appellant's home.

An oil can was found on the porch near a window which shows to have been broken or pushed out before the fire. Immediately inside this window a cigarette lighter was found, still in working order, which was identified by state witnesses as belonging to appellant.

Leo Taylor testified that he went to appellant's home on the day his rent house burned, to get him to go hunting, and found no one there. He found appellant in Belton sitting on the steps of the First National Bank.

Appellant, according to Taylor, left for home to get a light for the planned hunt, and returned some thirty minutes later and the two left in Taylor's car for the hunt. Some five minutes before appellant returned, Taylor saw the fire truck leave the station heading east, toward appellant's home, from which direction appellant soon thereafter returned with the light.

Taylor made the statement that he wondered where the fire was and appellant said he did not know, and there was no further mention of the fire or the fire truck's run in the direction of appellant's home, though Taylor and appellant hunted together until past midnight.

There was evidence also, from the state, that the next morning appellant's face was "rather red, it looked sun burned or it was burnt, a reddish tint."

Appellant's wife testified that he burned his face and hands while using a leaky blow torch on Monday after the house burned. The owner of the torch testified that it did not leak when he used it.

It was also shown that the house was insured against loss by fire, the $5,000 policy being payable to appellant's wife.

We are unable to agree that the circumstantial evidence, viewed from the state's standpoint, is insufficient to sustain a finding that appellant burned the house.

Appellant's remaining claims of error will be considered in the order in which they are presented in his brief.

It is contended that there is no evidence to support the jury's finding that appellant was the owner of the house, and that the state, on cross-examination of appellant's wife, established a variance in the matter of ownership of the property.

Appellant's wife testified that they were married in 1915; that she was divorced from him in 1947, but they remarried in 1951; that at the time of the divorce all of the property was acquired by her.

Under the provisions of Art. 402, V.A.C.C.P., it was permissible for the state to allege ownership of the house in the husband, even though it was the separate property of his wife. Article 402 C.C.P. applies in arson cases. Banks v. State, 143 Texas Cr. R. 61, 157 S.W. 2d 360; Morgan v. State, 114 Texas Cr. R. 478, 22 S.W. 2d 461.

The trial court gave the usual charge on circumstantial evidence. Appellant requested that the jury be further instructed as follows:

"And in this connection you are further instructed that where the state's case depends on an inference that inflammable liquids were poured on floor of building before fire and on further inference that showed a wilful burning of building, state's case is circumstantial and rests on an inference based on an inference and unless you find beyond a reasonable doubt that this de-

fendant poured the inflammable liquids on the floor of the said house, you will acquit the defendant and say by your verdict not guilty."

The requested charge was upon the weight of the evidence and was properly refused.

Bill of Exception No. 5 complains that appellant was not permitted to fully inquire as to the amount of damages sought by the tenant Andrews in a civil suit filed against appellant.

That such suit was filed was shown. The amount of damages sought in the petition does not appear to us to indicate spite or prejudice on the part of the witness. If admissible, no harm to appellant is shown in the exclusion of the evidence.

Bill No. 14 is addressed to the cross-examination of appellant's wife, concerning her failure to make demand for payment on the fire insurance policy covering the burned house.

On her direct examination Mrs. Splawn testified that no demand for payment of the insurance had been made and nothing had been collected or sought by reason of the loss.

The cross-examination appears to have related to the matter inquired about by appellant on direct examination and was not in violation of Art. 714 C.C.P.

Bill of Exception No. 8 relates to a remark of the trial court claimed to be in violation of Art. 707 C.C.P.

The witness, Mrs. Andrews, was asked by appellant's counsel on cross-examination: "Now, Mrs. Andrews, it is true, is it not, that there is nothing in what you have testified to, and nothing in all that you know about this case, that would pin the guilt on George Splawn to the exclusion of anybody else is there?"

Without objection from the state, the trial court refused to permit the witness to answer, stating: "Gentlemen, I think that is a question for the court to decide and that anything in that regard is purely a matter of opinion."

The question was improper and the court's remark does not impress us as conveying to the jury any opinion or impression

that would not have been conveyed had he simply ruled that the evidence was not admissible.

Bill No. 10 complains that the state was permitted to show that the burned building was insured, though such was not alleged in the indictment.

The evidence was admissible to prove motive. Black v. State, 123 Texas Cr. R. 476, 59 S.W. 2d 168.

Also, appellant offered testimony through Mrs. Splawn that the building was insured.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.