RAY ALVIN ALLEN V. STATE

No. 27,846. May 23, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 3, 1956.

Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

456

*Roy A. Scott* and *Walter E. Chastain,* Corpus Christi, for the appellant.

*Lee Mahoney,* Asst. Dist. Attorney, Corpus Christi, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is arson; the punishment, four years in the penitentiary.

The testimony for the state shows that firemen arrived at the residence of Faye Reeves about 7 A.M. on March 2, 1955, found two fires in the front room and one in a closet which was constructed of sheetrock; that the ceiling in the closet had fallen because of the heat and the fire was behind it; and that "some of the wood was actually burned." Captain Patterson of the fire department testified that in his opinion the fire was of incendiary origin.

Faye Reeves testified that she closed her residence and left at 4:30 P.M. for Louisiana before the fire at her house the next morning; that she returned immediately when she learned of the fire and found her house and furniture had been damaged by fire. She further testified that she had been keeping company with appellant for about one year; that shortly after the fire appellant denied to her that he started it, but after he had taken a lie detector test he told her that he was guilty.

Appellant's written statement dated April 27, 1955, and made to Herman Lee Handley of the Corpus Christi Police Department was admitted in evidence and reads in part as follows:

"My name is Ray Alvin Allen. I am 24 years old, and I live at 2901 Avenue C in Corpus Christi, Nueces County, Texas. * * * I found a note lying on the dresser in my apartment at 2901 Avenue C. The note was from Faye Reeves, telling me that she had gone to LaFayette, Louisiana, with James McAdoo. When I read the note, it made me mad, and I got in my car and drove out to her house at 1908 Santa Fe. When I arrived, I found that she had put my clothes between the screen door and the big, wooden door. I took my clothes out to my car, and

got a gallon can of gas that I kept in the car in case I ran out out of gas. I carried the gas to the house and broke the glass in the front door and run my hand in and unlocked the latch. I ran inside and poured the gas in the can over her clothes in the closet and over the bed and the furniture. I lit the match and threw it on the bed and went outside and got in my car and went home to bed. * * *"

Appellant testified that he did not set fire to Faye Reeves' house and that he was at home at the time of the fire, and that the officers "beat the statement out of him."

Appellant's alibi was supported by his mother and sister, and the testimony of other witnesses accounted for his whereabouts until shortly before the fire.

He further testified that he signed the statement introduced in evidence, wherein he admitted setting fire to the Reeves' house, because of intermittent and continued questioning, during which time he was threatened, struck in the face, his lip cut, his back bruised, and that most of the information contained in the statement came from the city police and the prosecuting attorney; and his testimony corroborated by his cellmate with whom he was confined immediately after his arrest for this offense and his attorney, who also had photographs made of appellant which were introduced in evidence.

The state in rebuttal called each of the officers who were present at the time of or during the taking of any part of the written statement concerning the Reeves' fire, and all testified that he was not threatened, struck on the lip or the back of his body, and was not abused in any way.

Appellant's alibi and the voluntary character of the confession were properly submitted to the jury.

The issues of fact were resolved against appellant by the jury and we find the evidence sufficient to support its verdict.

Appellant complains of that portion of the prosecuting attorney's opening statement to the jury of the facts the state expected to prove when he said that about eight days after the Reeves' fire "the defendant set fire to his own house, or his mother's house, in order to avoid suspicion" to which he objected on the ground that it shows an extraneous crime that has no bearing on the issues in this case and is highly preju-

dicial and moved the court to discharge the jury because the damage to him could not be cured by withdrawing it from the consideration of the jury, which motion was denied.

The statement of facts herein shows testimony without objection concerning appellant's setting fire to his or his mother's house about one week after the Reeves' fire. Hence, no reversible error is shown.

Appellant insists that there is no evidence that the Reeves' house was burned, therefore, the offense of arson is not shown.

The testimony shows that some of the wood of the house was "actually burned."

Art. 1306, Vernon's Ann. P.C., provides that "The burning is complete, when the fire has actually communicated to a house, though it may be neither destroyed nor seriously injured."

Wharton's Criminal Law, 12th Ed., Vol. 2, p. 1343, Sec. 1055, states the rule as follows: "The offense is consummated by the least burning of the house. The charring of floor or wall is sufficient, and it makes no matter how soon the fire be extinguished." See also 4 Tex. Jur. 805, Sec. 9; Blanchette v. State, 24 S.W. 507; Wigfall v. State, 57 Tex. Cr. R. 639, 124 S.W. 649; Rodgers v. State, 102 Tex. Cr. R. 331, 277 S.W. 664; Drew v. State, 147 Tex. Cr. R. 29, 177 S.W. 2d 787.

We find that the evidence sufficiently shows that the fire was communicated to the Reeves' house.

It is contended that the trial court erred in permitting the witness Fay Reeves to testify that the appellant told her that he cut the top of her automobile over his objection that it was immaterial and irrelevant.

This evidence was admissible to show the malice entertained by the appellant against the injured party. 4 Tex. Jur. 818, Sec. 20; Davis v. State, 15 Tex. App. 594.

Appellant further complains that the trial court erred in permitting the witness Faye Reeves to testify that the appellant had on two occasions committed physical violence on her over the following objection, "Wait a minute. I am going to object to that."

The record shows that the witness Faye Reeves had previously testified without objection that she and the appellant had had a few arguments and fights. In view of this testimony and the general objection made to the complained of testimony, we find that no reversible error is here shown.

Appellant contends that the trial court erred in permitting the witness Faye Reeves, in answer to the state's question whether appellant was a man of violent or smooth temper, to testify that he was a man of quick temper over his objection that the question called for a conclusion of the witness and was as to a matter not then in issue.

Thereafter the witness referring to appellant testified without objection, "He is quick tempered and he was angry." Hence, the admission of the testimony to the same effect does not call for reversal.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.