HERMAN BERNARD WISHNOW V. STATE.

No. 29,864. June 18, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 15, 1958.

*Lee Ducoff*, and *Leonard C. Kahn*, Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White*, *Erwin G. Ernst*, Assistants District Attorneys, Houston, and *Leon Douglas*, State's Attorney Austin, for the state.

BELCHER, Judge.

The conviction is for arson; the punishment, two years.

The testimony of the state shows that appellant operated the Security Jewelry and Loan Company, and that on Saturday, February 18, 1956, he left the store about 7:24 p.m. after locking the door. The record made by a burglar alarm system connected with the store shows that the store was locked at 7:25 p.m. Manuel Rodriguez testified that while on the sidewalk in front of the store he saw a fire burning in the ceiling of the store and immediately by telephone notified the fire department. The evidence further shows that a report of a fire in said store was received at the fire station two blocks distant at 7:26 p.m., and that a fireman broke the door and entered the store at 7:29 p.m. as shown by a circuit break in the burglar alarm system. The firemen found three separate fires burning in the attic above the jewelry store; there was also excelsior paper in three different places with the odor of gasoline and a milk bottle containing some fluid that smelled like gasoline in the attic; and there was some 1" x 4" wood latting to which the ceiling was fixed that was burned.

Captain McWilliams of the fire department testified that he was with the firemen when they first entered the store and "It was just a matter of a few seconds knocking the fire out * * *." He stated that there was a safe behind a partition in the store on which a person the size of the appellant could stand and put his body up through an opening in the ceiling where four blocks of Cellotex were missing; that the blocks of Cellotex and a knife were found on a shelf behind the partition; and he expressed the opinion that the three fires which he saw in the ceiling were of incendiary origin.

It was shown by the state's evidence that there were no openings in the ceilings of the adjoining places of business. It also shows that the last persons in the places of business next door left about 6:30 p.m.

The evidence further shows that J. E. Eisman was the owner of the building in question and that appellant's company as lessee of said building was and had been in arrears in substantial amounts with the rent. The business that appellant operated in said building had been in a failing financial condition for some time. The testimony also shows that appellant had a policy of

insurance in the amount of $10,000 on the merchandise and fixtures in the store at the time of the fire.

Appellant testifying in his own behalf stated that he closed his business about 7:25 p.m. He denied setting any fire in the ceiling or that he had knowledge of any fire until he was informed of the fire by telephone about 7:50 p.m. at his home and he returned to the store "and my place was on fire." He testified that he had an artificial leg which prevented him from entering a hole in the ceiling where the state claims three fires were set; that his business and those adjoining him had a common attic that gave other people access to the space above his business. He admitted that the business was a financial failure and that he had been in arrears with the rent for many months; and stated that the merchandise was worth more than the $10,000 for which is was insured. He further testified that he was indicted in June, 1957, for burning the building on February 18, 1956, which was after he had filed a civil suit to collect insurance as a result of the fire.

Appellant introduced other testimony corroborating that given by him.

The court charged the jury on the law applicable to circumstantial evidence.

The facts and circumstances were sufficient to warrant the jury's finding that the appellant was guilty as charged.

It is urged that there is no evidence that fire was actually communicated to his house.

The testimony shows that three or four fires were burning in the attic when the firemen arrived; and there was some 1" x 4" wood latting to which the ceiling was fixed that was burned.

In Allen v. State, 163 Texas Cr. Rep. 455, 293 S.W. 2d 605, 607, we said:

"Art. 1306, Vernon's Ann. P.C., provides that 'The burning is complete, when the fire has actually communicated to a house, though it may be neither destroyed nor seriously injured.'

"Wharton's Criminal Law, 12th Ed., Vol. 2, p. 1343, Sec.

1055, states the rule as follows: 'The offense is consummated by the least burning of the house. The charring of floor or wall is sufficient, and it makes no matter how soon the fire be extinguished.' See also 4 Texas Jur. 805, Sec. 9; Blanchette v. State, 24 S.W. 507; Wigfall v. State, 102 Texas Cr. Rep. 331, 277 S.W. 664; Drew v. State, 147 Texas Cr. Rep. 29, 177 S.W. 2d 787."

The evidence sufficiently shows that the fire was communicated to the house.

Error is urged in the admission of evidence that the merchandise and fixtures were insured.

The evidence that such property was insured was admissible to prove motive. Black v. State, 123 Texas Cr. Rep. 476, 59 S.W. 2d 168; Splawn v. State, 162 Texas Cr. Rep. 197, 283 S.W. 2d 66.

Appellant's complaint of the court's action in refusing his requested charge cannot be considered because it is not shown that it was submitted to the trial court before the main charge was read to the jury. Art. 659, Vernon's A.C.C.P.; 4 Texas Juris., 78, Sec. 49; Ayers v. State, 162 Texas Cr. Rep. 586, 288 S.W. 2d 511; Garza v. State, 159 Texas Cr. Rep. 134, 261 S.W. 2d 581.

Finding no reversible error the judgment of the trial court is affirmed.

Opinion approved by the Court.