PERCY N. HENDRICK V. STATE

No. 32,780. January 11, 1961

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Jon H. Hughes,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary, with two prior felony convictions alleged for enhancement; the punishment, life.

The witness Nix testified that a building in Houston under his control was burglarized on the night charged in the indict-

ment, that four guns were stolen therefrom, and that such guns were later returned to him by Officers Wagner and Moffitt. The witness Haines, an employee of Nix, testified that he closed and locked the building on the night in question. The witness Fogerty, another employee, testified that he opened up the building the following morning and observed that a window had been broken in and that efforts had been made to break open the safe.

Detective Wagner testified that, in company with Officer Moffitt, he talked to appellant in jail at Nacogdoches and, as a result of that conversation, they recovered a rifle from a store in Nacogdoches from a man who had paid for the same by a check, and also recovered the other guns from places where appellant told him they might be found, and that later appellant pointed out the building under the control of Mr. Nix to them in Houston.

The witness Renfro testified that a few days after the date charged in the indictment at his place of business in Nacogdoches he purchased a rifle from appellant, giving him a check therefor, and that he later delivered the same to the officers. The check payable to and endorsed by appellant was introduced in evidence.

The prior convictions were stipulated.

Appellant did not testify or offer any evidence in his own behalf.

The question of jury separation sought to be raised in the statement of facts does not reflect error. See Drew v. State, 147 Tex. Cr. Rep. 29, 177 S. W. 2d 787.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.