Thomas W. PETTY, Appellant,

v.

The STATE of Texas, Appellee.

No. 38856.

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Gib Callaway, Brownwood, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is driving a motor vehicle on a public road while intoxicated; the punishment, a fine of $50.00 and confinement in jail for three (3) days.

The statement of facts reflects that James Troy Kennedy, a student at Howard Payne College, while driving home about 11:00 o'clock at night, saw a pick-up truck coming toward him in his lane; that he had just stopped and the pickup collided with him; that the pickup was driven by the appellant; that he staggered and smelled strongly of alcohol; that in his opinion he was intoxicated; that he could hardly stand up.

Joe Robbins testified that he was the Juvenile Officer for the City of Brownwood; that he saw the pickup truck driven by appellant on the wrong side of the road collide with the automobile driven by Kennedy; that appellant seemed unable to get out and that he staggered badly; had a thick tongue and had the smell of alcohol on his breath; that in his opinion appellant was intoxicated.

Appellant testified that he was 54 years of age; that he worked for the City of Brownwood; that he intended to turn left and he blacked out; that he had no recollection of striking the other car; that he had been under treatment for several years for high blood pressure and had been taking pills for the trouble; that he had been at a friend's house, and they drank a six-pack of beer around 5:30 or 6:30; that he went home and ate and went to bed; that he was not in any degree drunk; that he was awakened around 10:45 or 11:00 o'clock for a call to fix a broken pipe for a water customer.

Pryor Martin testified that he was street superintendent for the City of Brownwood; that appellant had worked for the city under his supervision for 15 years; that he knew him to be dependable and truthful and had never seen him drunk in his life.

The jury rejected appellant's version of the transaction and adopted that of the state. We find the evidence sufficient to sustain their verdict.

Appellant urges as reversible error the action of the trial court in refusing his requested charge on the presumption of innocence. The trial court's action reflects that this requested charge was not made to the court until after the court had read its charge and the County Attorney was presenting his opening argument to the jury. The requested charge was not timely made. It should have been made prior to the court reading his charge to the jury. Arts. 658, 659, Vernon's Ann.C.C.P. Rager v. State,

Tex.Cr.App., 363 S.W.2d 942, and Wishnow v. State, 166 Tex.Cr.R. 538, 316 S.W.2d 412.

We perceive no reversible error in the action of the trial court.

The judgment is affirmed