Percy N. **HENDRICK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 32780.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied Jan. 24, 1973.

Will Gray, Houston (appointed on appeal), for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense is burglary; the punishment, enhanced under Article 63, Vernon's Ann. P.C., life.

This is an out of time appeal. The prior opinion affirming the conviction appears in 170 Tex.C.R.R. 399, 341 S.W.2d 935.

Appellant challenges the sufficiency of the stipulation as to the prior convictions alleged for enhancement.

The indictment charging the two prior convictions alleged, omitting the formal parts, is as follows:

"The said PERCY N. HENDRICK on the 10th day of January, A.D.1952, was duly and legally convicted of the offense of Burglary, a felony, in the Criminal District Court of Harris County, Texas, in Cause No. 64314 on the docket of said court, styled the State of Texas vs. PERCY N. HENDRICK, and which said court had jurisdiction of said offense of Burglary, a felony.

"And after the judgment of conviction in said Cause No. 64314 had become final, the said PERCY N. HENDRICK committed the offense of Burglary, a felony, and on the 3rd day of November, A.D.1953, was duly and legally convicted of the said offense of Burglary, a felony in the Criminal District Court No. 2 of Harris County, Texas in Cause No. 70112 on the docket of said court styled the State of Texas vs. PERCY NEWELL HENDRICK, and which said court had jurisdiction of said offense of Burglary, a felony.

"And the Grand Jury aforesaid do further present in and to said Court, at said term, that on or about the 21st day

of January, A.D.1960, in said County of Harris and State of Texas, and after the judgment of conviction in said Cause No. 64314 and the judgment of conviction in said Cause No. 70112 had become final, the said PERCY N. HENDRICK, who is the same person so twice formerly convicted, did . . ."

At the beginning of the trial, appellant, his attorney, and the attorney representing the state entered into the following oral stipulation:

"That stipulation will be that Percy N. Hendricks on trial here today is the same Percy N. Hendricks who was convicted on the 10th day of January, 1952 of the offense of burglary, a felony, in the Criminal District Court of Harris County, Texas, in Cause No. 64314, that that case was on the docket of said Court and that that Court had jurisdiction, and the conviction was a final conviction, and that after the judgment of conviction in said Cause No. 64314 had become final that the defendant, Percy N. Hendricks, committed the offense of burglary after the judgment in Cause No. 64314 had become final, and that on the 3rd day of November, 1953, he was duly and legally convicted of the offense of burglary, a felony, in Criminal District Court No. 2 of Harris County, Texas in Cause No. 70112 which was pending upon the docket of said Court and over which said Court had jurisdiction and said conviction was a final conviction on the 3rd day of November, 1953, that Percy Newell Hendricks who was convicted on the 3rd of November, 1953, is the same person as this defendant, Percy N. Hendricks, on trial today, and that completes the stipulation."

Appellant contends that the stipulation is insufficient to show that "the burglary *committed* by the appellant after the final conviction in Cause No. 64314, was the same burglary for which he was *convicted* in Cause No. 70112."

Analogous argument was made in Boulte v. State, 170 Tex.C.R.R. 453, 341 S.W.2d 936. Therein, the indictment alleged a prior conviction ". . . in Cause No. 125598 . . ." and the oral stipulation entered into by the appellant, his attorney, and the attorney representing the state stated ". . . in Cause No. 125398 . . ." Rejecting the contention that the variance as to one number was fatal, this court stated:

"Had the judgment and sentence in the prior conviction been introduced in evidence, another question would be presented, but here we are dealing with an oral stipulation; and, because of the exactness of the other details, it is apparent that the parties were stipulating as to the same prior conviction which had been alleged and that through error one digit was substituted for another in the dictation or transcription."

It is apparent from a contextual reading of the oral stipulation that the parties were stipulating that the burglary committed by the appellant after the final conviction in Cause No. 64314 was the same burglary for which he was convicted in Cause No. 70112. The stipulation is sufficient to satisfy the allegations under Article 63, V.A.P.C.

The judgment is affirmed.

DOUGLAS, J., not participating.

ONION, Presiding Judge (concurring).

The stipulation was a substitution for proof of the allegations of the indictment. It should be viewed in the same light as other proof in determining whether the State has met its burden of proof.

I reluctantly concur after a contextual reading of the stipulation, but not without some difficulty. While attempting to track the allegations in the indictment is a common method for dictating a stipulation into the record, it frequently involves the error of omission of an essential allegation. It is difficult for this writer to understand

why catchall phrases such as "and that all the allegations in paragraphs —— and —— are true and correct", or "and that all the allegations in the indictment relating to prior convictions alleged in the indictment for enhancement are true and correct", are not utilized in *every* stipulation whether an attempt is made to track the allegations for the purpose of the stipulation or not. If such practice is followed, then questions like the one at bar would be eliminated on appeal.

I concur.